UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RASHAWN HANESWORTH,

                  Petitioner,

    v.                                  **ORDER**
                                       04-CV-145S

GARY GREENE,

                  Respondent.


      1.      On March 4, 2004, Petitioner, proceeding *pro se*, commenced this civil action

by filing a Petition in the United States District Court for the Western District of New York

for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner

challenges his conviction upon a plea of guilty entered before the Honorable Russell C.

Buscaglia in the Supreme Court for the State of New York, Erie County.[1] On June 15,

2004, this Court referred the case to the Honorable H. Kenneth Schroeder, Jr., United

States Magistrate Judge, for all proceedings necessary for a determination of the factual

and legal issues presented, and to prepare and submit a report and recommendation

containing findings of fact, conclusions of law and a recommended disposition of the case

pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket No. 14.)

---

[1] On October 6, 1999, Courtney Lewis left her ten-month old daughter, Ayonna Lewis Forston and
her twenty-two month old daughter, Neve Lewis, alone with Petitioner while she went grocery shopping.
While the children were in Petitioner's care, he struck Ayonna Lewis Forston twice with his fist in her
abdomen and struck Neve Lewis once in the abdomen. Ayonna Lewis Forston died due to blunt force
trauma and Neve Lewis spent several weeks in intensive care. As a result, Petitioner was charged in a
four count indictment. And on February 16, 2000, Petitioner pled guilty to murder, second degree in
violation of Penal Law § 125.25[4] and assault, first degree in violation of Penal Law § 120.10[3] before the
Hon. Russell Buscaglia.

2.      Consistent with this Court's referral Order, Judge Schroeder filed a Report, Recommendation and Order recommending that Petitioner's Petition for a Writ of Habeas Corpus be denied.  (Docket No. 34.)  No objections to the Report, Recommendation and Order were received from either party within ten (10) days from the date of its service, in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3).

3.      This Court has carefully reviewed Judge Schroeder's Report, Recommendation and Order, the pleadings and materials submitted by the parties, and concurs with Judge Schroeder's determinations. Accordingly, the Report and Recommendation will be accepted.

IT HEREBY IS ORDERED, that this Court ACCEPTS Judge Schroeder's Report, Recommendation and Order (Docket No. 34) in its entirety, including the authorities cited and the reasons given therein.

FURTHER, that Petitioner's petition seeking federal habeas relief (Docket No. 1) is DISMISSED with prejudice, for the reasons set forth in the Report, Recommendation and Order.

FURTHER, that because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly, a Certificate of Appealability is DENIED and shall not issue.

FURTHER, that this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to

appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that the petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

FURTHER, that leave to appeal as a poor person is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.


SO ORDERED.


Dated:   March 30, 2009
         Buffalo, New York


                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge